FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 2 8 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY WRIGHT, | : | MOTION TO VACATE |
| BOP ID 65563-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:16-CV-1274-CAP-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| Respondent. | : | 1:14-CR-280-CAP-CMS |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Anthony Wright's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [11]. Because Mr. Wright is proceeding *pro se*, the undersigned has liberally construed his filings. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The record of prior proceedings and Mr. Wright's § 2255 motion reveal the following: On March 7, 2013, Mr. Wright and Keanna Armstead were in a car pulled over for a traffic infraction by the Georgia State Patrol. During the stop, Mr. Wright, who has multiple prior felony convictions, was discovered to be in possession of a Sig Sauer handgun. Mr. Wright was indicted for being a felon in possession of a firearm in violation of 18 U.S.C.

§§ 922(g)(1), 924(a)(2), & 924(e). *See United States v. Wright*, No. 1:13-CV-419-CAP (N.D. Ga. 2013) ("*Wright I*").

Motions to suppress the evidence discovered during the traffic stop and Mr. Wright's statements were filed, argued, and briefed. In April 2014, a magistrate judge entered a Final Report and Recommendation recommending that Mr. Wright's motions to suppress be denied, and *Wright I* was set for trial. And, in June 2014, the district judge presiding over *Wright I* adopted the Final Report and Recommendation. *See id.*

As a result of plea negotiations in *Wright I*, this case (hereinafter "*Wright II*") was opened in July 2014. In *Wright II*, Mr. Wright agreed to waive indictment and plead guilty to an information charging him with knowingly possessing a stolen firearm that had been shipped in interstate commerce in violation of 18 U.S.C. §§ 922(j) & 924(a)(2), and the government agreed to dismiss *Wright I*. *See* [1], [3], [4] & [4-1]. This is how both *Wright I* and *Wright II* were resolved.

In October 2014, judgment was entered in *Wright II*. *See* [10]. Mr. Wright did not appeal, and his time to do so expired in November 2014.

In April 2016, well after the one-year limitation period for filing a § 2255 motion expired, *see* 28 U.S.C. § 2255(f), Mr. Wright prepared and

submitted the § 2255 motion now before the Court in *Wright II*. *See* [11]. None of Mr. Wright's arguments has any merit.

First, Mr. Wright contends he is entitled under *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), to an equitable exception to the one-year limitation period because he is "actually innocent" of the crime to which he pleaded guilty. *See* [11]. In support of this claim, Mr. Wright submitted an *unsworn and unnotarized* affidavit from Ms. Armstead, stating that "she" was the owner of the gun and that "it was not 'stolen.'" *See* [11] at 15. This, of course, contradicts Mr. Wright's *sworn* admission in his plea agreement in *Wright II* that he "had reasonable cause to believe that the gun was stolen as he came into possession of the firearm when he took it from Ms. Armstead against her will." *See* [4-1] at 5. This Court is not required to credit that affidavit. *See, e.g., Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007) ("There is a strong presumption that the statements made during the plea colloquy are true. Consequently, a defendant bears a heavy burden to show that his statements under oath were false.") (internal citations omitted).

Moreover, Mr. Wright has offered no explanation for his more than one-year delay in obtaining an affidavit from Ms. Armstead. As the

Supreme Court observed: not only are "tenable actual-innocence gateway pleas . . . rare," but unjustified delay in bring such a plea "is a factor bearing on the reliability of the evidence purporting to show actual innocence." *McQuiggin*, 133 S. Ct. at 1928 (internal quotation marks and citation omitted). The Supreme Court instructed district courts that "frivolous petitions should occasion instant dismissal." *Id.* at 1936.

Second, Mr. Wright argues that his attorney in *Wright II* provided ineffective assistance of counsel because she did not file any suppression motions in that case. *See* [11] at 4-5. This argument is frivolous because suppression motions pertaining to the evidence against Mr. Wright were filed and fully litigated in *Wright I*.

Third, Mr. Wright argues that his conviction and sentence violates *Franks v. Delaware*, 438 U.S. 154 (1978). *See* [11] at 9. But that case – which deals with intentionally false statements made in search warrant affidavits – has absolutely no bearing on Mr. Wright's conviction or sentence where the search was conducted without a warrant.

Accordingly, the undersigned **RECOMMENDS** that Mr. Wright's § 2255 motion be **SUMMARILY DISMISSED** because it plainly appears that he is not entitled to relief. *See* 28 U.S.C. § 2255, Rule 4(b).

The undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED** because Mr. Wright does not meet the requisite standard. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 28th day of June, 2016.

_Catherine Salinas_
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

5